UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR424-113 |
| | ) | |
| JOSHUA LEE CORONA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Joshua Lee Corona has pleaded guilty to a single count of production of visual depictions of minors engaging in sexually explicit conduct by a person having custody and control. See doc. 1 at 4 (Indictment); doc. 37 (guilty plea). His sentencing on that charge is currently set for November 20, 2025. *See* docket entry dated September 9, 2025. Defendant has moved to continue his sentencing. *See* doc. 45. He now moves to retroactively seal his Motion to Continue. Doc. 46. For the reasons explained below, the Motion is **GRANTED**. Doc. 46.

"The press and the public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). A party can rebut the presumption

of openness "if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 1030 (quoting *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984)). When sealing documents, the Court must "articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* (internal quotations and citation omitted). There is no question that protecting the privacy of minor victims of sexual crimes is a compelling interest sufficient to restrict access to court records. *See, e.g.,* 18 U.S.C. § 3509(d)(2); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (recognizing "the privacy of children," among the situations in which "there is a compelling interest in secrecy").

Defendant's Motion notes that the Motion to Continue includes a brief quotation from and reference to an otherwise restricted victim impact statement. Doc. 46 at 1; *see also* doc. 45 at 2-3. The Motion to seal notes that 18 U.S.C. § 3509(d) imposes an obligation on litigants to protect the confidentiality of minor victims of sexual crimes. *See* doc. 46 at 1-2. The statute provides, facially, for extremely broad restriction on public access to minor victim information. *See* 18 U.S.C. § 3509(d)(2) ("All

papers to be filed in court that disclose the name of an *or any other information concerning* a child shall be filed under seal . . . ."). Some courts have expressed limited skepticism concerning the breadth of the "other information" portion of the statute. *See, e.g., United States v. Young*, 2025 WL 1119692, at *1-*2 (E.D. Tex. Mar. 20, 2025) (noting "the mere invocation of § 3509(d)(2) cannot preclude judicial review as to whether the documents sought to be sealed are actually entitled to be sealed," and directing further briefing and argument on "whether a document that does not contain any identifying information about any child (such as a name, date of birth, address, or description) falls within the scope of 'other information concerning a child'" (internal citations omitted)). The information in the Motion to Seal is, as noted above, extremely limited. However, given the lack of any discernable countervailing interest in publicity and the statute's facial breadth, the Court agrees that the material should be restricted from public view. *Cf.* 18 U.S.C. § 3509(d)(3).

Accordingly, Defendant's Motion is **GRANTED**. Doc. 46. The Clerk is **DIRECTED** to maintain Defendant's Motion to Continue under **SEAL** until further Order from the Court. Doc. 45. Defendant is

3

**DIRECTED** to submit a redacted version of the Motion to Seal, as otherwise required by § 3509(d), by no later than November 14, 2025. *See* 18 U.S.C. § 3509(d)(2)(B). Upon Defendant's submission of the redacted version, the Clerk is **DIRECTED** to place it on the public docket.

**SO ORDERED**, this 14th day of November, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA